## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Rosalind Holmes, | : | Case No. 1:21-cv-505 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| Lakefront at West Chester, LLC | : | |
| | : | |
| Defendant. | : | |

### DECISION AND ENTRY
### ADOPTING THE REPORT AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 8)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 23, 2021 submitted a Report and Recommendations (the "Report").  (Docs. 8).  Plaintiff Rosalind Holmes submitted her objection to the Report on August 25, 2021.  With her objections, Plaintiff has also submitted a second motion for temporary restraining order and preliminary injunction (Doc. 9), and an emergency motion to appoint counsel.  (Doc. 11).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court finds that the Report is adopted and Plaintiff's objections are overruled.  Plaintiff's motions filed after the Magistrate Judge issued the Report are also denied.

Plaintiff Rosalind Holmes, proceeding *pro se*, brings this action against Defendant Lakefront at West Chester, LLC.  According to Plaintiff's filings, she currently resides at one of Defendant's properties and is asking this Court to stay her eviction and/or eviction proceedings.  Plaintiff's recent filings indicate that she has now been evicted and ordered to vacate her premises by August 27, 2021.  (Doc. 9 at PageID# 1419).

In the Report, the Magistrate Judge first found that Plaintiff's complaint failed to state a claim upon which relief may be granted.  (Doc. 8 at 3).  This Court agrees.  Plaintiff's 378-page complaint with exhibits is a recitation of her litigation history with Defendant.[1]  Even liberally construing Plaintiff's complaint, she fails to state a claim.  Moreover, Plaintiff's objection does nothing to cure this deficiency or otherwise convince this Court that Plaintiff has stated a plausible claim for relief.  (Doc. 51).

The Magistrate Judge also noted that *Younger* abstention applies in this case. (Doc. 8 at 3).  As explained by the Sixth Circuit:

---

[1] *See, e.g., Holmes v. Lakefront at West Chester*, 1:21-cv-444 (S.D. Ohio Aug. 3, 2021) (Dlott, J.; Litkovitz, M.J.), *appeal dismissed at* No. 21-3731 (6th Cir. Aug. 17, 2021); *Holmes v. U.S.A., et al.*, No. 1:20-cv-825 (S.D. Ohio) (McFarland, J.; Litkovitz, M.J.), *appeals at* No. 21-3715, 21-03521, 21-03491, 21-03206 (6th Cir.); *Holmes v. Lakefront at West Chester*, No. CV 2021-05-0638 (Butler Cty. Ct. Com. Pl. filed May 7, 2021) (located at https://pa.butlercountyclerk.org/eservices/searchresults.page) (last accessed 8/26/2021); *see also Lakefront at West Chester v. Holmes*, CVG 2100528 (Butler Cty. Area III Ct. filed June 16, 2021); *Lakefront at West Chester v. Holmes*, CVG 2100528 (Butler Cty. Area III Ct. filed May 14, 2021); *Holmes v. Lakefront at West Chester*, No. CVF2001041, RE000007 (Butler Cty. Area III Ct. filed Nov. 2, 2020), *appeal at* CA-2021-05-0046 (Ohio 12th Dist. Ct. App.) (all Butler County Area III cases located at: http://docket.bcareacourts.org/) (last accessed 8/26/2021).

This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

> We generally are obliged to decide cases within the scope of federal jurisdiction. However, in certain circumstances, allowing a federal suit to proceed threatens undue interference with state proceedings, and the proper course is for the federal court to abstain from entertaining the action. The *Younger* breed of abstention requires abstention in three different circumstances…. The Supreme Court has noted that these three categories are the exception rather than the rule. First, we may abstain under *Younger* when there is an ongoing state criminal prosecution. Second, we may abstain when there is a civil enforcement proceeding that is akin to a criminal prosecution. Third, we may abstain when there is a civil proceeding involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.

*Aaron v. O'Connor*, 914 F.3d 1010, 1016 (6th Cir. 2019) (internal quotations and citations omitted).

Once a court determines that a case falls into one of the three exceptional categories and *Younger* abstention may apply, the Court should "next analyze[s] the case 'using a three-factor test laid out in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)." *Id*. (quotation omitted). "If (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims, we may abstain from hearing the federal claim." *Id*. (quotation omitted). The Magistrate Judge found all three factors present when noting *Younger* abstention applies.

Since the Magistrate Judge issued the Report, Plaintiff now states that her eviction proceedings have concluded, and she was evicted. (Doc. 9 at 1). Thus, *Younger* no

3

longer applies to her eviction proceedings because those proceedings are no longer currently pending.[2]

To the extent her eviction proceedings have not concluded, her primary request for relief – an injunction and stay of her eviction proceedings – is prohibited by the Anti-Injunction Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *see also Wells v. DLJ Mortg. Capitol Inc.*, No. 1:14-CV-767, 2014 WL 5587561, at *2 (S.D. Ohio Nov. 3, 2014) (request to stay state court eviction proceeding prohibited pursuant to Anti-Injunction Act); *E3A v. Bank of Am., N.A.*, No. 13–10277, 2013 WL 784339 (E.D. Mich. Mar.1, 2013) (request to stay writ of eviction prohibited pursuant to the Anti-Injunction Act) (citing *Cragin v. Comerica Mortgage Co.*, No. 94–2246, 1995 WL 626292 (6th Cir. Oct. 24, 1995) (finding that the Anti-Injunction Act "generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts.")).

Finally, a facial reading of Plaintiff's complaint indicates that Plaintiff is asking this Court to grant her relief from injuries caused in her state court proceedings, including

---

[2] To the extent her proceedings are still pending, there is a strong argument *Younger* applies. Although Plaintiff fails to state a claim, she lists two causes of action for housing discrimination based on race. Discrimination claims may be asserted as part of an eviction proceeding in Ohio courts. *See, e.g., Lable & Co. v. Flowers*, 661 N.E.2d 782, 786 (Ohio Ct. App. 1995) ("A legitimate argument can be made that defendant was required to raise her discrimination claim in response to the eviction proceeding as a compulsory counterclaim."). Thus, she has an adequate opportunity to assert her discrimination claims in her state court proceedings to the extent those proceedings are still pending.

her now-concluded eviction proceeding.  The *Rooker-Feldman* doctrine prohibits federal courts, other than the United States Supreme Court, from performing appellate review of state court rulings.  *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir.2008) (affirming dismissal under *Rooker-Fedlman* where the primary relief that plaintiff requested was a temporary injunction that would "enjoin Defendants from physically entering onto plaintiff[']s property" and that would "dispos[e] ... of any other civil or procedural action regarding the subject property").

However, notwithstanding *Younger*, *Rooker-Feldman*, and the Anti-Injunction act, the Court has *sua sponte* reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915.  Plaintiff's claims are dismissed for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, for the reasons stated above:

1. The Report and Recommendations (Doc. 8) is **ADOPTED**, as expanded upon here;

2. Plaintiff's objection (Doc. 51) is **OVERRULED**;

3. Plaintiff's motion for an emergency stay and temporary restraining order; amended motion for a stay, emergency temporary restraining order and/or preliminary injunctive relief; and emergency motion for the appointment of counsel (Docs. 3, 9, 11) are **DENIED**;

4. Plaintiff's complaint is **DISMISSED with prejudice**;

5. The Court **CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a), any appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal *in forma pauperis*; and

6. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

Furthermore, while the Court gives some deference to *pro se* litigants, it will not permit any litigant to use the Court's resources to address filings clearly designed to harass the Court, opposing counsel, or the opposing party. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. *See, e.g., Hiles v. NovaStar Mortg.*, No. 1:12-cv-392, 2016 WL 454895 (S.D. Ohio Feb. 5, 2016).

There is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevon U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

Plaintiff has already filed two motion for emergency relief in this case alone, requesting the undersigned to stay her eviction proceedings. She has also filed notices of appeal in her other two federal court cases, requesting that the Sixth Circuit stay her eviction. *See Holmes v. Lakefront at West Chester*, 1:21-cv-444 (S.D. Ohio Aug. 3, 2021), *appeal dismissed at* No. 21-3731 (6th Cir. Aug. 17, 2021); *Holmes v. U.S.A., et al.*, No. 1:20-cv-825 (S.D. Ohio), *appeal dismissed at* No. 21-3715 (6th Cir. Aug. 17, 2021). Based on these repetitive tactics, Plaintiffs <u>must</u> seek leave of Court before submitting any additional filings in this case.

**IT IS SO ORDERED.**

Date:   8/26/2021                                                              *s/Timothy S. Black*
                                                                               Timothy S. Black
                                                                               United States District Judge